UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Johnson Jose GUERRERO-MEDINA,

Petitioner,

v.

Daniel A. Brightman, et al.,

Respondents.

Case No.:  26-cv-1433-AGS-DEB

**ORDER REQUIRING RETURN**

Petitioner Johnson Guerrero-Medina seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

In August 2022, Guerrero-Medina, a "citizen of Venezuela," crossed into the United States "without inspection." (ECF 1, at 2.) The Department of Homeland Security "encounter[ed]" him after he crossed and then "exercised its discretion to release him into the United States on humanitarian parole" that same week. (*Id.*) Years later, in February 2026, despite the fact that he had "obtained employment authorization" and was "lawfully work[ing] while residing in the United States," he "was stopped by U.S. Border Patrol agents" and arrested. (*Id.* at 9–10.) He "remains detained" and asserts that his detention violates his "Due Process" rights because "Respondents have not provided Petitioner with any meaningful, individualized custody determination demonstrating that his continued

detention is necessary to mitigate a particularized risk of flight or danger to the community." (*Id.* at 10, 14.) Specifically, he argues that when "the government has previously determined that a noncitizen may safely remain at liberty, due process requires meaningful procedures before that liberty can be withdrawn." (*Id.* at 14.)

This challenge merits an answer. District courts have ordered petitioners released on similar grounds. *See, e.g.*, *Pablo Sequen v. Albarran*, __ F. Supp. 3d. __, No. 25-cv-06487-PCP, 2025 WL 2935630, at *5 (N.D. Cal. Oct. 15, 2025); ("[Petitioners] have demonstrated a likelihood of success on the merits of their claim that the Due Process Clause of the Fifth Amendment entitles them to a hearing before ICE may re-detain them."); *Salazar v. Casey*, No. 25-cv-2784 JLS (VET), 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (granting habeas relief because respondents failed to provide "proper notice, reasoning, and a pre-deprivation hearing," and thus "detained Petitioner . . . in violation of the Due Process Clause"); *Hyppolite v. Noem*, No. 24-cv-4304 (NRM), 2025 WL 2829511, at *7 (E.D. N.Y. Oct. 6, 2025) ("When Respondents placed [petitioner] under arrest without notice and an opportunity to be heard," and "then imprisoned him . . . without a pre-deprivation bond hearing, they violated his established right to procedural due process.").

By **Tuesday, March 10, 2026**, the government must answer the petition. Any reply by petitioner is due **March 13, 2026**.

Dated:  March 6, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2